# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: SFPP, L.P., RAILROAD PROPERTY RIGHTS
LITIGATION                                        MDL No. 2647

## ORDER DENYING TRANSFER

**Before the Panel**: Plaintiffs in one action in the Central District of California move under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation currently consists of three actions pending in three districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of twelve potential tag-along actions against the same defendants.[1] All actions allege that the Union Pacific Railroad Company unlawfully granted easements in the subsurface below its railroad lines to the Kinder Morgan entities to install and operate a petroleum pipeline through six states, without payment to the adjacent landowners who allegedly are the true owners of the subsurface rights.

Plaintiffs in all actions on the motion and the related actions support centralization in either the Northern or Central District of California. All defendants oppose centralization. Alternatively, they request centralization in the Northern District of California or the District of Arizona.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. Although these actions do share certain factual issues regarding the Railroad's alleged grant of easements to Kinder Morgan for the installation and operation of a petroleum pipeline, the key issue, as plaintiffs' acknowledge, is legal in nature – specifically, the scope of the Railroad's rights in the subsurface under the applicable Congressional land grants. Seeking a uniform *legal* determination, though, generally is not a sufficient basis for centralization. *See In re: Real Estate Transfer Tax Litig.*, 895 F. Supp. 2d 1350, 1351 (J.P.M.L.2012).

Moreover, the circumstances of this litigation indicate that voluntary coordination is a practicable and preferable alternative to centralization. Plaintiffs in the actions on the motion and the potential tag-along actions are represented principally by three groups of counsel. The defendants are the same in all actions, and they have represented that they intend to coordinate the litigation in the six involved states. Given the few involved counsel and limited number of actions, informal coordination of discovery and pretrial motions should be practicable. *See In re: Chilean*

---

[1] SFPP, L.P., formerly known as Santa Fe Pacific Pipelines, Inc. and Southern Pacific Pipelines, Inc.; Kinder Morgan Operating L.P. "D"; and Kinder Morgan G.P., Inc. (collectively, Kinder Morgan); and Union Pacific Railroad Company (the Railroad).

-2-

*Nitrate Products Liab. Litig.*, 787 F. Supp. 2d 1347, 1347 (J.P.M.L. 2011). Additionally, all actions are in their infancy, which will further facilitate coordinated pretrial proceedings.

Although plaintiffs believe that the number of actions is likely to expand, the mere possibility of additional actions does not convince us that centralization is warranted.[2] Moreover, the present record does not support plaintiffs' conclusory assertions. Since the filing of the motion, only twelve potential tag-along actions have been filed, and eleven of those were filed by the three groups of counsel who support centralization. Their putative statewide class complaints presently cover all potentially affected landowners in the six states at issue, suggesting that additional complaints are unlikely.

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[2] *See In re: Intuitive Surgical, Inc., Da Vinci Robotic Surgical Sys. Prods. Liab. Litig.*, 883 F. Supp.2d 1339, 1340 (J.P.M.L.2012) (denying centralization, noting that "[w]hile proponents maintain that this litigation may encompass 'hundreds' of cases or 'over a thousand' cases, we are presented with, at most, five actions.").

**IN RE: SFPP, L.P., RAILROAD PROPERTY RIGHTS LITIGATION**　　　　　　　　　MDL No. 2647

## SCHEDULE A

<u>District of Arizona</u>

CLEMENTS, ET AL. v. UNION PACIFIC RAILROAD COMPANY, ET AL., C.A. No. 4:15-00191

<u>Central District of California</u>

PHILLIPS, III, ET AL. v. UNION PACIFIC RAILROAD COMPANY, ET AL., C.A. No. 8:15-00718

<u>Northern District of California</u>

RIVERA v. UNION PACIFIC RAILROAD COMPANY, ET AL., C.A. No. 4:15-01842